**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| LENAPE PROPERTIES MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N22C-04-065 CEB |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) | |
| Defendant. | ) | |

Submitted: October 7, 2022
Decided: December 20, 2022

*Upon Consideration of Defendant The Prudential Insurance Company of America's Motion to Dismiss,*
**GRANTED.**

**ORDER**

On this 20th day of December 2022, in consideration of Defendant The Prudential Insurance Company of America's ("Prudential") motion to dismiss, it appears to the Court that:

1. Plaintiff Lenape Properties Management, Inc. ("Lenape") is a Delaware corporation.[1] Prudential is a New Jersey corporation headquartered in Newark, New Jersey.[2]

2. On April 17, 2006, Prudential leased commercial property in Chalfont, Pennsylvania from Plaintiff Lenape Properties Management, Inc ("Lenape").[3] The lease was extended until July 31, 2021.[4] Prudential did not vacate the premises until July 31, 2022[5] and the parties are now engaged in dispute over rent due during the holdover period. Thus, a Delaware corporation has sued a New Jersey corporation in a Delaware court over a leasehold on property located in Pennsylvania.

3. A plaintiff may invoke the Court's jurisdiction over a defendant under one of two theories: (1) general jurisdiction, which attaches to conduct by the defendant regardless of where it occurred;[6] and (2) specific jurisdiction, which attaches to conduct occurring in the forum jurisdiction.[7]

---

[1] Compl. ¶ 1, D.I. 1 [hereinafter "Compl."].
[2] *Id.*
[3] *Id.* ¶ 3.
[4] *Id.* ¶ 4.
[5] *Id.*
[6] *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 129 (Del. 2016) ("[General jurisdiction] grants authority to a state's courts to assert jurisdiction over a nonresident defendant on the basis of wholly unrelated contacts with the forum." (internal quotations omitted)).
[7] *Id.* at 130 ("Courts can also exercise specific jurisdiction over a corporate defendant where the suit arises out of or relates to the corporation's contacts with the forum." (internal quotation marks omitted)).

4. A nonresident defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2).[8] When Rule 12(b)(2) is invoked, the plaintiff bears the burden to make out a *prima facie* case establishing jurisdiction.[9] A *prima facie* case requires the "production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor."[10] The Court "is not limited to the pleadings and can consider affidavits, briefs of the parties, and the record as a whole."[11] "Still, unless contradicted by affidavit, the Court must (1) accept as true all well-pleaded allegations in the complaint; and (2) construe the record in the light most favorable to the plaintiff."[12]

5. General jurisdiction may be invoked in very few fora: the forum in which the defendant is incorporated or in which it has its principal place of business such that it has treated the forum as its home.[13] From this record, it can be said that Prudential is subject to general jurisdiction in New Jersey: it is both incorporated and has its principal place of business there. The Court can also say that Prudential

---

[8] Super. Ct. Civ. R. 12(b)(2).

[9] *In re Talc Prod. Liability Litig.*, 2018 WL 4340012, at *2 (Del. Super. Sept. 10, 2018).

[10] *Prima facie case,* Black's Law Dictionary (11th ed. 2019).

[11] *Green Am. Recycling, LLC v. Clean Earth, Inc.*, 2021 WL 2211696, at *3 (Del. Super. June 1, 2021) (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

[13] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (identifying a corporations domicile for purposes of general jurisdiction as its place of incorporation and principal place of business).

is not subject to general jurisdiction in Delaware. Prudential cannot be sued in Delaware on a theory of general jurisdiction for conduct that is unconnected to Delaware, merely because it "does business" in Delaware.[14]

6. Specific jurisdiction arises from the specific conduct in question.[15] For example, if a defendant commits a tort in Delaware, specific jurisdiction arises because it is the locus of the tort. Delaware courts may adjudicate the tort, regardless of the Defendant's state of incorporation or principal place of business.

7. The plaintiff bears the burden of showing that specific jurisdiction is appropriately asserted over a nonresident defendant.[16] From the complaint, we learn that Plaintiff is a Delaware corporation that negotiated a lease across state lines with a New Jersey corporation for land in Pennsylvania.

8. Merely contracting with an entity incorporated in Delaware is not enough to support a finding of specific jurisdiction.[17] Rather, the Court must evaluate the

---

[14] *Genuine Parts Co.*, 137 A.3d at 148 (applying the due process limits of *Daimler AG v. Bauman*, 571 U.S. 117 (2014) that a corporation which operates in many places can scarcely be deemed at home in all of them).

[15] *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction over the defendant." (internal quotation marks omitted)).

[16] *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437-38 (Del. 2005).

[17] *E.g., Techview Invs.*, 2021 WL 3891573, at *7 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)); *see also Abajian v. Kennedy*, 1992 WL 8794 (Del. Ch. Jan 17, 1992).

parties "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."[18] Courts have repeatedly rejected reliance on any single factor.[19]

9. Lenape contends that because Prudential contracted with a Delaware entity and sent rent payments and other correspondence to Lenape's Wilmington address specific jurisdiction should be found.[20] Prudential asserts that the lease was negotiated and executed via phone and email communications.[21] Lenape has not offered evidence to contradict that point.

10. Mailing rent payments to Delaware has been found to be insufficient to establish specific jurisdiction.[22] And many courts have determined that specific jurisdiction cannot be established when the use of mail and telephone

---

[18] *Burger King*, 471 U.S. at 478.

[19] *See, e.g., North Sails Grp., LLC v. Boards and More GmbH*, 264 A.3d 1, 11 (Conn. 2021); *IDS Publishing Corp.* v. *Reiss Profile Europe, B.V.*, 2017 WL 4217156, *7 (S.D. Ohio Sept. 19, 2017) ("despite the [parties'] [l]icense [agreement] being in place for more than ten years, the [c]ourt's focus is on the quality of the parties' relationship rather than its duration"); *Consulting Eng'r Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009).

[20] Pl.'s Opp'n ¶ 2, D.I. 12.

[21] *See* Def.'s Decl. of Gerard Sica, Ex. A to Def.'s Mot to Dismiss ¶¶ 9-10, D.I. 7.

[22] *See Kane v. Coffman*, 2001 WL 914016, at *4 (Del. Super. Aug. 10, 2001) ("[M]ail and telecommunications [are] not sufficient minimum contact[s] to give in personam jurisdiction over nonresidents" (quoting *Bank of Am. Nat'l & Sav. Ass'n v. GAC Prop. Credit Inc.*, 389 A.2d 1304, 1310 (Del. Ch. 1978)); *Blue Ball Prop., Inc. v. McClain*, 658 F. Supp. 1310, 1319-20 (D. Del. 1987) (rejecting the argument that "calling for, receiving, and cashing the check establishes minimum contacts between Delaware and [the defendant]").

communications are "ancillary" to the contract's execution and performance.[23]

While it is true that the parties' communications involved their contractual relationship, there is no evidence that it created a continuous or extensive collaborative relationship regarding business beyond negotiating the lease and addressing payments in accordance with that lease. These communications appear to be ancillary to the contractual relationship and occurred in Delaware merely because the Lenape happens to be located here.

11. The contract of lease at the center of this dispute concerns property in Pennsylvania. It is logical that specific jurisdiction would lie in the state where the property is located. The parties negotiated a Pennsylvania choice of law provision in the lease.[24] While giving the parties a right to negotiate the Court's jurisdiction

---

[23] *See, e.g., North Sails Grp.*, 264 A.3d at 310 (communications addressed to Connecticut occurred only because the plaintiff was located there and did not establish specific jurisdiction); *Jutalia Recycling, Inc. v. CAN Metals Ltd.*, 542 S.W.3d 90, 99 (Tex. Ct. App. 2017) (payments addressed to Texas were insufficient to persuade the court that specific jurisdiction applied when the parties never met in Texas and signed jurisdictional clauses with foreign state choice of law provisions); *Freudensprung* v. *Offshore Technical Services, Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004) (no specific jurisdiction found despite an approximately three-year contractual relationship, including extensive communication, when contract performance was to occur outside forum); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (6th Cir. 1994) (communications in Ohio were superficial and insufficient to satisfy due process when defendant owned no property nor transacted business in Ohio); *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982) ("The use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors. . .").

[24] Ex. A to Def.'s Mot. to Dismiss ¶ 32, D.I. 7.

seems a dubious proposition,[25] it is equally true that Delaware should be circumspect in recognizing jurisdiction merely because one of contracting parties is a resident here. The Court holds that Delaware's connection to this dispute is insufficient to confer specific jurisdiction in Delaware consistent with due process. Accordingly, the Court will dismiss the matter.

12. For the foregoing reasons, Defendant's motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

---

[25] *Burger King*, 471 U.S. at 482 ("[A choice of law] provision standing alone would be insufficient to confer jurisdiction.").